UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62334-CIV-COHN/SELTZER

DAVID STONE and SUSAN BROWN,

    Plaintiffs,

v.

CITY OF LAUDERHILL,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss the Complaint [DE 15] ("Motion"). The Court has reviewed the Motion, Plaintiffs' Response [DE 18], and Defendant's Reply [DE 20], and is otherwise advised in the premises. Because Plaintiffs have failed to plead sufficient facts to support their claims, the Court will grant the Motion and will dismiss the Complaint with leave to replead.

**I.   BACKGROUND**

    Plaintiffs David Stone and Susan Brown are owners of residential rental properties in Lauderhill, Florida. DE 1 at 1. In this action, Plaintiffs challenge ordinances and practices of Defendant City of Lauderhill ("Lauderhill") relating to inspections of such properties. Plaintiffs refer to the ordinances and practices collectively as the "Inspection Law." Id. ¶ 9. The Inspection Law allegedly requires owners of residential rental properties to submit to warrantless searches of their properties and to pay associated inspection fees. Id. ¶¶ 9–12. Plaintiffs contend that Lauderhill has violated their rights under the Fourth Amendment to the United States Constitution to be free of unreasonable searches by forcing them to submit to the

searches.  Id. ¶¶ 23 & 29.  On October 25, 2013, Plaintiffs filed their Complaint on this basis, seeking damages under 42 U.S.C. § 1983 and declaratory relief.  DE 1 ¶¶ 17–31.  Lauderhill has in turn moved to dismiss, arguing that Plaintiffs have failed to allege sufficient facts to support their claims.  DE 15.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  Id.  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.

III.  DISCUSSION

Upon review of the Complaint, the Court agrees with Lauderhill that Plaintiffs have pled insufficient facts to state a cause of action.  Plaintiffs claim that Lauderhill has violated their rights by enforcing an unconstitutional Inspection Law against them.  DE 1 ¶¶ 12, 23, 29.  The "Inspection Law" as defined in the Complaint is not a discrete statute, ordinance, or other law, however, and instead appears to be a vague amalgam of unspecified ordinances and inspection practices relating to Lauderhill's fire, health, safety, and commercial licensing regulation.  Id. ¶¶ 9–10.  These imprecise allegations do not provide Lauderhill with sufficient information to understand which ordinances and practices form the basis for Plaintiffs' Complaint, or to formulate a response.

Nor have Plaintiffs provided sufficient detail regarding the illegality of Lauderhill's Inspection Law as applied to them.  Plaintiffs allege that Lauderhill subjected them to illegal warrantless searches.  Id. ¶¶ 23 & 29.  Plaintiffs fail to allege, however, specific acts by Lauderhill or its agents that constituted a search.  Plaintiffs do not discuss which properties were searched or when, whether the properties were occupied at the time of the searches, or whether any tenants of the properties consented to the searches.  Plaintiffs do not allege facts showing that they held a reasonable expectation of privacy in whatever properties may have been searched.  Plaintiffs provide little more than their conclusory assertion that they "were prohibited from renting their properties without first subjecting the properties to a warrantless search" in violation of the Fourth Amendment.  Id. ¶ 23.  This conclusion, unsupported by reference to specific facts, fails to provide Lauderhill with notice of the acts by which Plaintiffs allege it violated their rights.  See MacPherson v. Town of Southampton, No. 07-3497, 2013 U.S. Dist. LEXIS 162477, at *30–31 (E.D.N.Y. Nov. 14, 2013) (dismissing Fourth Amendment challenge where

plaintiffs failed to allege acts constituting a search).  Plaintiffs therefore have failed to satisfy the applicable pleading standard, which requires them to allege facts illustrating the grounds for their claims.  See Twombly, 550 U.S. at 555; Jones v. Wildgen, 320 F. Supp. 2d 1116, 1134 (D. Kan. 2004) (dismissing as-applied Fourth Amendment challenge to warrantless inspections because of inadequate factual basis).

Because Plaintiffs have failed to plead facts to support their claims, the Court will dismiss the Complaint.  Nevertheless, mandatory, warrantless property inspections such as those complained of by Plaintiffs can support a claim for a violation of Fourth Amendment rights under certain circumstances.  See Camara v. Mun. Ct. of San Francisco, 387 U.S. 523, 540 (1967).  The Court therefore will allow Plaintiffs the opportunity to amend their pleading to add factual support for their claims.  It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Complaint [DE 15] is **GRANTED**.  Plaintiffs' Complaint [DE 1] is **DISMISSED without prejudice**.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs may file an Amended Complaint on or before **March 19, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of March, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF